The Chief Justice
delivered the opinion of the court.
Carter and Woolright entered into an article of agreement, bearing date the 15th of October, 1815, whereby Carter covenanted to deliver to Woolright, in the town of Abbingdon, Va. on or before the first day of Jan. then ensuing, a certain number of hogs, averaging one hundred and forty weight net, and Woolright, on his part, covenanted to pay for said hogs four dollars and twenty five cents for every hundred weight, and it was further covenanted between them, that if either party failed in the contract on Iris part, he should pay to the other five hundred dollars.
On this article, Woolright brought an action of covenant against Carter, and assigned for breaches, the failure *586 of Carter to deliver the hogs as stipulated by him, or to pay the five hundred dollars: but the declaration contains no averment that Woolright had paid, or that he was at the time and place of the delivery of the hogs, ready to pay therefor.
Pope for plaintiff, Hardin for defendant in error.
\Vhf n there aremiiUuuin-•...dependant .COY'DiilltS, 'Wtüneednot aver inhis de-cter-atioivtUe: rierformatice Or Uisresdi* itess to perform his part of the covenants; but if thecovcn.'mts' are dependant ««•concurrent fetich averment is n.e-resskry.
rendered, and Carter has brought the case to this court by Carter demurred to the declaration, and the demurrer being overruled, a writ of enquiry was awarded, and damages assessed bv the jury to $210, for which-judgment was Jc ' ' ‘ writ of error.
The sole question is, whether the declaration is defect tive for want of an averment, that Woolright had performed or-was ready and offered to perform, his part of the contract.
The law is well settled, that where there are mutual covenants which a/e independent, such an averment is not necessary; hut where the covenants are dependant or concurrent, neither party can, without such an averment, maintain an action for a breach of the covenant, on the part of the other. That the covenants in this case are of the latter description, we have no doubt. The delivery of the hogs and the payment of the price, were to be performed at the same time. The time of payment of the price is "not,indeed, expressly mentioned in the contract, but it results as a legal consequence, that the payment was to have been made at the time of the delivery of the hogs. The acts, therefore, covenanted to be performed by the parties respectively, were in their nature concurrent, and although in such case one act must necessarily be performed before the other, yet neitheV is under any obligation to perform t!¡e act covenanted to be done on his part, unless the olher is ready to perform that which he has covenanted to do: consequently, without shewing such readiness, neither can maintain an action for a breach of the contract orí the párt of the other.
This doc trite iff particularly applicable to all cases of sale like the present:—4 Bibb, 614; 2 Sand. Rep. 320, note 4.
The declaration, therefore, is defective, and the demurrer thereto ought to have been sustained by the circuit court,
Judgment reversed with costs, and the cause remanded, that the plaintiff may have leave, if he should apply there* for, to amend his declaration, and if not, that judgment bef entered upon the demurrer for the defendant.